IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GALEN SNYDER, | : | 4:12-cv-105 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| KATHLEEN SNYDER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

**February 15, 2011**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 4), filed on January 24, 2012, which recommends that this action be dismissed without prejudice to the Plaintiff to correct the defects in the complaint by filing an amended complaint within twenty days of the dismissal of the case. Plaintiff has not filed objections to the R&R and the time to do so has lapsed.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by February 10, 2012.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

*Pro se* Plaintiff Galen Snyder ("Plaintiff") brings this action against his ex-wife Kathleen Snyder and the Northumberland County courts and domestic relations office alleging generally that the Defendants exhibited a "bias" against him during the dissolution of his marriage to Kathleen Snyder.

Along with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Within the R&R Magistrate Judge Carlson screened the complaint pursuant to 28 U.S.C. § 1915A, and determined that Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Magistrate Judge Carlson reasons that, to the extent Plaintiff is attempting to bring a federal civil rights claim against his ex-wife, it is well established that 42 U.S.C. § 1983, the principal federal civil rights statute, is a vehicle for bringing civil actions to vindicate violations of rights guaranteed under the Constitution of the United States. Further, actions brought under section 1983 are only viable against state actors. Quite obviously, as aptly noted by Magistrate Judge Carlson, an action by an ex-husband against his ex-wife arising out of the dissolution of their marriage does not meet any of the touchstones for 42 U.S.C. § 1983 civil rights action.

Next, Magistrate Judge Carlson recommends that, to the extent Plaintiff is attempting to assert federal jurisdiction over this domestic relations matter on the basis of diversity of citizenship (since he resides in New Jersey and his wife in Pennsylvania), any such assertion of diversity jurisdiction would compel dismissal. We agree with the Magistrate Judge's recommendation on this point since "the United States Supreme Court has long recognized a domestic relations exception to federal diversity jurisdictions for cases "'involving the issuance of a divorce,

alimony, or child custody decree.'" *Matusow v. Trans-County Title Agency, LLC,* 545 F. 3d 241, 245 (3d Cir. 2008)(quoting *Ankenbrandt v. Richards,* 504 U.S. 689, 704 (1992)).[2]

Finally, Magistrate Judge Carlson recommends, consistent with the precedent of *Alston v. Parker*, 363 F. 3d 229 (3d Cir. 2004), that the Plaintiff be given an opportunity to correct the deficiencies in his complaint by having us dismiss the deficient complaint at this time, without prejudice to one final effort by Plaintiff to comply with the rules governing civil actions in federal court by filing an amended complaint containing any timely and proper claims which he may have. We specifically advise Plaintiff to *carefully* review pages 6 to 17 of the Magistrate Judge's R&R, wherein the Magistrate Judge describes the deficiencies in Plaintiff's complaint in detail. (Doc. 4). Notably, as currently written, Plaintiff's complaint does not state any viable federal claims against any of the Defendants. However, recognizing Plaintiff's *pro se* status, we shall give him one final opportunity to state a valid claim.

---

[2] Magistrate Judge Carlson also recommends several additional availing grounds upon which to dismiss this action, including (1) application of the *Rooker-Feldman* doctrine, which bars federal courts from re-examining and rejecting state court rulings; (2) Eleventh Amendment immunity afforded to state agencies and officials; and (3) the doctrine of judicial and quasi-judicial immunity. As noted previously, Plaintiff has not filed objections to the R&R, thus we shall not, nor are we statutorily required to, undertake an exhausting analysis of these additional grounds for dismissal as raised by Magistrate Judge Carlson, except to note that we agree with his analysis.

As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.